May it please the Court. I'm August Flangey with the Justice Department here on behalf of the United States. The FOIA request at issue here is a broad one, sweeping in tens of thousands of responsive records, which comprise core training and guidance materials for the FBI special agents. Our argument is a straightforward one, which is that under the 1986 FOIA amendments, the district court erred in ordering the release of all these materials and disposing of it on the ground that they weren't compiled for law enforcement purposes, which is the preliminary test. Sotomayor, can I just make sure I understand what you're arguing? I think everybody agrees that the FOIA request covered some materials that were investigative in nature and some materials that might be procedural manuals, guidelines. Correct? I think most of the materials are in the procedural manuals. Okay. But at least the FOIA request included some. The district court said so. Your brief said so. With respect to the materials that are investigative in nature, we've got case law that says the government, in order to invoke Exemption 7, must cite a statute. Is that correct? Because there's some that say there has to be a Federal law and there are other cases that say just Federal law enforcement duties. I mean, I think the context of this Court's previous cases, and Binyon and Rosenfeld, were in the context of FOIA requests for materials relating to specific investigation. And whatever our test is with respect to those materials, you're not contesting today. No, I didn't mean we were. You're saying with respect to materials that don't fall in that category. Let me just ask about that test, though. So I've seen where it speaks to a rational nexus between its law enforcement duties and the document for which Exemption 7 is claimed. That's Binyon. Yes. And then Rosenfeld has language, it quotes the Church of Scientology for the proposition that the test is a rational nexus between enforcement of a Federal law and the document for which the exemption is claimed. So which — so are both tests in force? Because the district court apparently thought only the one that says rational nexus between enforcement of a Federal law and required some statement of a statute. I mean, I think one important thing here is Binyon said we don't have a formalistic application of this exemption. I think the tests that — the enunciation in Rosenfeld is perfectly suited to the type of requested issue there, which were files on specific individuals. And the Court made an inquiry. What's the Federal law being applied to these individuals? Why is the FBI investigating these specific individuals? And it's really a way of getting at whether it was a legitimate — So it was pretext. So it was like an anti-pretext type requirement. So when we move to these types of materials, and for a second, what should the test be? I'm — the district court seemed to think you had to have a statutory basis for it. And your response, which I think was — is quite reasonable, is that when we have general training materials, they cover lots of things. So as to those types of materials, what should the test be? I think it's what Binyon said. Is there a rational nexus between those materials and the law enforcement? Is there any reason to have a different test? Are there two different tests? Is there one test for programmatic materials and another test for other sorts of records? Or is it just what the statute says? It's the same test. I'm just — I think it just applies a little differently when you have different — Let me ask the question differently. How do you meet your burden under Exemption 7 of demonstrating the rational basis with respect to these sorts of materials? Assuming for a moment that with respect to some kinds of investigated materials, you've got to say why you're investigating. Sure. I think — I think when you have an agency like the FBI, the function of the agency is law enforcement. It should be a simple test to satisfy. In a case like this one — So tell me what — tell me what the test is. Are — do the different categories of materials and the — are our declaration identified five? Are those — are those proper law enforcement duties of the Federal Bureau of Investigation? So is obtaining confidential human sources, that's one of the categories of materials. Is that a proper law enforcement function of the FBI? And I think our declaration and I think common sense tells us that's a critical and — So what if you have — the FBI creates a parking flow for your parking garage and you have these procedures about how employees should park. Would that be covered by Exemption 7? We're not asking for a per se — Well, I'm just — yeah, I just want to check. I mean, that sounds like it would probably only qualify if there were a per se test. I think — And you're not asking for a per se test? We — we preserved it in our brief. I know. But — Because it is our position. Well, see, I view it as an open question if we divide these two sorts of materials in this circuit, whether or not we've ever rejected a per se test with respect to non-investigative materials. Maybe we have. But — but you're not asking for one. That's a fair point. I mean, I do think the — the import of the arguments in our brief are with an agency like the FBI that — and where the FOIA request is for law enforcement materials, we're very close to a per se test. But I do think that there is some inquiry to ensure that the — the types of categories and materials are a — serve a legitimate FBI function. You didn't answer my parking flow question. Sorry. I — Yes or no? I think that is a legitimate, obviously, function. I'm not sure it's a law enforcement function. So parking at the FBI building, it would — Maybe not. — that would be more of a regulatory or sort of internal, you know, exemption to — sort of deals with that kind of thing. What about a manual about how to find dirt on Martin Luther King? Well, I think there we're talking about a specific inquiry. So there — There you — there you'd think we'd need a statutory basis. I think there you would do a more searching inquiry. I mean, I think it's still very deferential because I think Rosenfeld said, you know, if there's a plausible basis for the FBI to start an investigation, then they're going to defer. The court's going to defer. But I think you would have to — the court would definitely make that inquiry and say, was there a plausible reason? And that's exactly what the court did in Rosenfeld with the investigation. We're looking for a pretext. So we said — in Rosenfeld, we said trying to surveil the free speech movement at Berkeley was a proper law enforcement purpose. But trying to get Clark Kerr fired was political and was pretextual. And so you're not arguing that we should overrule our pretext jurisprudence, right? We would still — Absolutely not. No, we're not trying to get that overruled. We think that is a fair inquiry and not — but really not one that's relevant to the dispute here, given the breadth of the FOIA request and the fact that it really is targeting general law, manuals, law — Ask a more practical question. Let's assume that we accept your argument and say the district judge erred by requiring a specific statutory basis for each of the documents. What should we do? Should we send this case back to the district judge saying, here's the law, you look at the documents and you figure out which falls in what category, and then presumably if Exemption 7 is properly invoked, we then move on to the subsections? Is that the right way to proceed? I think that's right. I mean, it would be nice to have a little guidance from this Court. I think some of the categories of material here are so clearly — Well, my difficulty with that is the district judge has never been given an opportunity to make that ruling. He labored under the apprehension, and probably a reasonable one given our case law, that a statutory requirement was imposed. If we disagree, and then we then get on to the notion of whether or not some of the sub-exemptions apply. And so why wouldn't we just send the whole thing back to the district judge to say, here's the law, you apply it to the documents? You certainly have to send the sub-exemptions back. I mean, this is just the preliminary Exemption 7 test. There are, you know, 50,000 documents at issue here. So there's a lot more work to be done. I don't want to look at all of them. Let me ask you if you could help us with the law in the other circuits. So we've said we like the D.C. Circuit. So some of the circuits do apply a per se test. I think — do they apply the per se test across the board or only for some types of documents? Well, I think they apply it to some types of agencies. So if a law enforcement mandate like the FBI, then they have a per se test for all of their cases? Just for the preliminary part of — And then you have to show enumerated harms. How about the D.C. Circuit? Do they have a two-part test or do they have just — what is the D.C. Circuit's test? The D.C. Circuit does not have a per se test. It has — but it does have a test that says if you have general law enforcement materials, those would qualify. That's the tax analyst decision. And they're — So the D.C. Circuit doesn't require a statutory citation for those specific — No, they don't require a specific investigation or a specific substantive law. Are they still looking for a rational nexus, though, between the documents and some law enforcement purpose? Yeah, I think that's right. And, you know, I don't know what the D.C. Circuit would say if this — if the FBI came with their general law — general training materials. The D.C. Circuit might say that would always qualify. The tax analyst case was an IRS case, so it was a little trickier because they had to decide, is this a law enforcement function or a tax regulatory function? You don't have that with the FBI. Their entire scope of their authority relates to law enforcement and national security. So I — and one thing I want to stress, and, you know, I mean, we've been through this already. The — one of the things the 1986 amendments in the legislative history specified is that it was reversing court of appeals decisions that had done things like said the DEA manual can't count. And it's really hard to separate the DEA manual with the categories of documents here. Can I ask you a question about Exemption 7e, which we're not talking about right away today? But Exemption 7e talks about guidelines. Yeah. If — is it the government's position that guidelines, therefore, must not already be exempted by 7 itself? I mean, there are a couple of different aspects to 7e. Any document that releases techniques, law enforcement techniques or procedures, and we'd say a lot of what we're dealing with here — Would fall under 7e. Would fall under 7e. And therefore, they couldn't, as a preliminary matter, fall under — be exempted under 7 because we wouldn't need 7e, would we? Yeah. Well, I mean, part of what Congress did in 1986 was it tightened the language in the initial part of 7, made clear — and added some of this to 7e. And it really, you know, if — under the district court's kind of reading and finding a substantive criminal law, it sort of reads a lot of that out of Exemption 7. Because we only get to 7e if it doesn't — if it's a — if it's an Exemption 7 document. That's right. And, you know, the government does have a significant showing under — I mean, a showing under 7e to make. Right. But that's what — that's what I'm suggesting we might not get to. But at least the — in my view, the presence of 7e suggests that 7 wasn't — 7 wasn't meant to exempt — was — 7 covers guidelines, is a better way to put it. Yes. I think that's right. And we definitely agree with that. I'll reserve the rest for rebuttal. Okay. Good morning, Your Honors. May it please the Court, Angela Klein for Appellees, the Public Interest Groups. So let me just start with the question that Your Honors asked, which is, should there be a separate test? And the position of the appellees is that there's no reason for a different test. Well, your position — the district court's position is that you had to cite a specific statutory basis for the document. Yes. And so take — Judge Akuta posed one, but let me pose a different one. Let's assume the FBI puts together a manual about how to conduct searches, and it's detailed and it tells officers how to conduct a search pursuant to a warrant, and you wanted to see that manual. Are you suggesting that the FBI couldn't invoke Exemption 7 without saying, well, here's the statute we use it for? Because it would cover all the criminal laws that they use it for. Why isn't — why is the requirement of a statutory basis for training manuals, guidelines, et cetera, a reasonable way to enforce FOIA? Well, the FBI should be able to point to at least some example statutes that material is used to train on, because the FBI has many functions, some of which are law enforcement, some of which are not. No, and I agree. That's why we don't — that's why we may not have a per se rule. But they come in and say, this document, Your Honor, is a training manual for executing search warrants. And, you know, we do — we execute a lot of search warrants. Do they have to say, and we do it under — and we do it in bank robbery cases and in Hobbs Act cases? And why isn't that enough to establish that it's a law enforcement document for purposes of Exemption 7? Well, the citation to the law is what enables the Court to perform the rational nexus test. So in this case — But why is that? I mean, if the police, the local police have their police officers walking the beat, as they're trying to do now around our courthouse, which we appreciate, how — that's not for any particular statutory criminal investigation. That's for law enforcement purposes to try to keep the peace. Why — how would it be necessary to have a particular statute cited in order for a court to determine that that's for law enforcement purposes? That didn't make sense to me. Well, because Exemption — look, we're not questioning the activities of the FBI and whether they're proper or not. We're talking about whether Exemption 7 should exempt material that relates to the enforcement of law. So, for example, we have training materials on community outreach. That may be a proper activity of the FBI, but it doesn't relate — it's not compiled for the purpose of the enforcement of law. I'm sorry. So the training or the procedures or the schedule for the police officers walking around the courthouse, you're saying those would not be records compiled for law enforcement purposes. I mean, is that rational? No. That's not a reasonable interpretation of that, right? We're not saying that those are or are not. So would the police have to say, well, we have police walking around because we expect them to find this possible violation of a robbery law, possible violation of a drug law, possible — and then just go through the California criminal code? Well, when there are training materials like the kind that we have in this case, where we often don't even know what — Well, I don't think you're answering my question. You're sort of, like, skipping over. What about my question? So in this case, I understand that it may seem a bit formulaic when you push it to the extreme. So you're saying that the schedule for the police officers walking around the courthouse is not compiled for law enforcement purposes. So it wouldn't — they wouldn't be able to claim an exemption. No, I'm not saying that, Your Honor. I'm saying — But what are you saying about my schedule? If your schedule was challenged in a FOIA case, then the government should be able to identify some exemplar statutes that might be enforced. So we can — So community outreach is a great example. It's in the case. You're looking for the community outreach stuff. You're saying the judge can't — the district judge cannot divine whether this was compiled for law enforcement purposes unless the FBI makes up a statutory reason for it? I mean, district judges are very smart. It may not be compiled. We're not fighting today whether or not that document was compiled for law enforcement purposes. We're fighting about whether or not it's automatically not compiled for law enforcement purposes because the FBI doesn't say we're doing community outreach to prevent drug use or we're doing community outreach to prevent bank robbery. I don't know why the judge needs a statutory citation to make that analysis. You may be right. It may not be a law enforcement document. But in this case, the judge never got there because he thought the FBI was required to cite a statutory basis for the activity. That's a correct summary of what happened, isn't it? I think that's an accurate summary of the district court's holding. Well, because the FBI refused to give any indication of what statutes they might be seeking to enforce. Right. But it's statutes that we're fighting about today. The FBI did say, here, look at the document, Judge. It's here. You can see that we compiled it for law enforcement purposes. Well, I think that's right. But the judge said, I can't do that. You need to cite a statute to me. Unless you say the magic words, I can't – it's not in Exemption 7. It's not a matter of magic words, Your Honor. It's – I think part of the difference that we have is, is it – does law enforcement purpose mean the enforcement of law or does it mean something broader? The FBI has said it means the advancement of law enforcement interests generally. Well, law enforcement purpose – are you asking us to construe law enforcement purpose to mean only the enforcement of a specific criminal statute? Not quite. We're asking you to construe, consistent with the Ninth Circuit's holdings in the past, that law enforcement purpose means for the purpose of enforcing law. Do our cases in the past really deal with this question? So, for example, John Lennon is being investigated. And specific statutes are cited. Civil Obedience Act of 1968, the Anti-Riot Act. And we said that was not enough. We said, come on, that's not why you're doing it. This is not really a law enforcement purpose. So they cited the statute and the court said, we don't care what you claim to be. The mere citing of a statute doesn't show it's for law enforcement purpose. We see this as pretextual. It's for political reasons. So the statute is really irrelevant. No, the statute is what allowed the court to say – to compare what the FBI said it was doing to what it's actually doing. Well, so – but let's go back to my manual for enforcing – for executing search warrants. Do you really need the FBI in that circumstance to say, and we use it for the following 47 statutes? Or is it – can a district judge look at that and say, you do a lot of search warrants and this is a law enforcement document? Well, in the context of a particular FOIA request, it's what allows the court to perform that analysis. Granted, that's an extreme circumstance, but the documents we're talking about here, we can't tell what the purpose is of the FBI's activity. They may be training agents, you know, to participate in junior outreach activities, which are lovely, but are not – Is there any evidence here that any of the – or was that – that was presented to the district court or is in the record that these are pretextual for political activities and not for law enforcement purposes? Well, it's not a question the district court reached because it didn't pass the threshold question of whether the law enforcement purpose was established. So pretext is not part of that determination, you're saying? No, but it's not part of that determination. That's the next part of the test. So if the district court had said, okay, you passed the threshold, these are facially Exemption 7 documents, you then have a – do you then go on to argue about whether or not they fell within one of the various categories underneath? And the court would look at the documents and hear arguments about them. But here, the court said at the threshold, I don't even have to look at them unless you cite a statute to me, right? Well, what the court said was, FBI, tell me what statutes they relate to. And the FBI said, for some of these documents, we can't do that. And for some of these documents, we could, but it's a waste of time and so we're not going to. And the court gave the FBI multiple opportunities to give him some basis. Would you have the 7E standard if it was envisioned that manuals and policy matters were going to all require citation to a specific statute? Yeah, that's an important point here. So in 1986, Congress amended Exemption 7 to add 7E, which applies to guidelines for law enforcement, investigations, or prosecutions which could risk circumvention of law. So Congress did not amend Exemption 7 to apply to all guidelines. It only applies to guidelines for which you use. But at least some guidelines are there. Yes. And the – and the appellees have never argued that guidelines are per se there. Well, that's the enumerated harm, though, right? So the way they drafted it was we get to the question of whether guidelines for law enforcement, investigations, or prosecutions are – meet one of the enumerated harms, and the enumerated harm is it could reasonably be expected to risk circumvention of the law. But unless you're looking at the law, if you've gotten past the threshold and you're looking at the guideline in the first instance, you never reach the question of the enumerated harm. So clearly, Congress intended that guidelines would get past the threshold. Assume a guideline that meets – that is exactly the kind you think should be analyzed under 7A, and you seek that guideline, and the government says, I'm not going to give you a specific statute that I use the guideline to enforce. Your view is that you never get to the 7A analysis, right, because it doesn't fall under 7. No, that's not our view, Your Honor. Well, how then – your view is that if you get under 7 in general, the government must cite a statute. So let's assume we have one of these guidelines that falls right under 7E, and the government says what they said in this case. We use it for a lot of statutes, and we're not going to specify one. Your – I think the upshot of your analysis is that you never get to 7A because it doesn't get to the seventh threshold. If the disclosure of a guideline could genuinely risk the circumvention of law, then the FBI should be able to point to some examples of the laws that might be circumvented. So you're – But even with Judge Hurwitz, you never get to 7E unless they've identified a statute related to the guideline. Yes, Your Honor. But our point is that's an easy low threshold to satisfy, and there's no reason for the FBI not to be able to satisfy it if a guideline is going to genuinely risk the circumvention of law. They're going to have to discuss that law circumvention in any event when they get to the next phase of the test. So in the community – I'm sorry. What's your theory on why the 86th Amendment changed it? I mean, if – it seems that you're making the argument that we should disregard the statutory change in 86 that changed it from investigatory records to records or information. You know, Your Honor, actually, we're making the opposite argument. In our brief, we discussed how the 86th Amendments support the appellee's argument. So what happened was the Attorney General expressed a concern that informant's IDs could be disclosed in non-investigatory documents. So it recommended this change. But Congress, at the same time, specifically stated this amendment does not affect the threshold question of whether records or information were compiled for law enforcement purposes. And it made that statement knowing the existing law that was in place that required the identification of the law. But doesn't the phrase investigatory records kind of support the notion that the FBI would have to give a specific statute that was being investigated or in some ways implicated? And isn't that really the standard you're trying to get in this case? We are not arguing that records have to be investigatory. Our point is that regardless of the type of record, the FBI can provide some statutory citation that would allow the district court to perform a precise rational nexus test. Almost by implication, isn't it, saying that it's got to be a statutory citation that may be implicated in an investigation? So your argument works better for if it was just investigatory records, because you could say, well, if you're investigating someone, you better know what law you're thinking they violated. However, if it's more general records or information, it doesn't seem as tied to the question of, well, what are you compiling records or information for? I think that's what Judge Glynn was suggesting. I mean, I think it's true that the test will apply a little bit differently, but if anything, it makes it easier for the government to identify some examples under that threshold. How does it help you or the district judge in determining whether these are for law enforcement purposes? So let's assume the FBI wasn't obstinate in this case and they said, we have this community outreach program because we worry that in these communities, drug abuse may be rampant and we want to make sure we reach out or that young people turn into terrorists and we want to reach out. And they give you 17 statutes that justify their – what do you – how does that help the district judge in analyzing whether these are law enforcement documents? Well, because then the district judge can analyze, does community outreach really relate to the enforcement of this particular law, or is it compiled for the purpose of the enforcement of that law? Well, but if the community outreach is not designed for a particular law, but just designed in general to reach out to the community so there's better relationships with law enforcement, and do they then have to make up laws that support it to make it a law enforcement document? Well, I think the problem with community outreach, and this puts a finger on it, is that community outreach documents are not compiled for law enforcement purposes. Well, that may be true. And that's why the FBI cannot identify them under the law. That may be true. That may be true. The district court never got to that issue, though, because of the failure to cite a statute. You're fully free to argue on the merits that community outreach is not a law enforcement purpose. That's easy. But this – But the question is, why do they have to make up a statutory basis for it? They don't have to make up a statutory basis. This is exactly – the community outreach documents show how this test works correctly. If the FBI can't identify an identifiable law enforcement purpose for something like community outreach, it shows the district court judge these are not documents that are compiled for a law enforcement purpose. No. I guess I'm asking a different question, and we're talking past each other on this. The FBI, I think, and I think the government concedes, have to offer a rational law enforcement purpose for the documents. The question is whether they have to offer a specific statutory basis for the documents. Under the rational basis test, they've got to come in and say these are law enforcement documents because we do community outreach for the following reasons. You're saying they've got to do one thing more, and they've got to say in order to enforce 18 U.S.C. blank, blank, blank. And it's that last part that I'm questioning. It's what allows the parties to get specific enough to have a meaningful analysis. Okay. Your time's expired. You're actually over. Thank you. Thank you. Thank you. I'll just make one point on rebuttal. The Court has sort of been asking for, like, a test that might work. And I think with something like this where you're asking for training or documents that relate to, you know, specific law enforcement functions or techniques or strategies of an agency like FBI, I think you'd ask does the type of function that the document pertains to have a rational nexus to a legitimate law enforcement function of the FBI? So let's talk about a community outreach document. They seek it. Let's assume we say you don't have to cite a specific statute. What's then your burden of getting into Exemption 7 in the Ninth Circuit? I mean, I think the job of the FBI, and I think in the second Hardy declaration that was done here, it was to explain why community outreach and maybe even the specific types of community outreach that they are talking about serve this law enforcement function. Are they legitimate? So you put in a declaration of some sort. Yeah, and we did that here. And the district judge in this case never really got to whether or not these were community outreach documents under the facts of the case because he required the citation. I mean, I don't think there was a lot of dispute that the community outreach documents actually pertain to the community outreach efforts of the FBI. I — and I think the district court very forthrightly said in the kind of middle part of its analysis that most of these kind of functions did serve law enforcement interests, you know, community outreach, confidential sources. But he felt constrained by our case law to ask for a citation to a statute. Yeah. And, you know, I mean, we tried to tell the district court, I mean, you said, well, there are 47 statutes. There's actually a lot more than 47 statutes that these pertain to. I mean, if you look at Title 18, there's hundreds and hundreds of statutes within the authority of the FBI. I'm thinking of the sanctuary cities. So the sanctuary cities seem to make the argument that we shouldn't take illegals into custody because it would impair law enforcement by preventing those people from reporting crimes. Is that implicated at all in this? Because in your argument, you seem to be making the argument that community outreach is sufficient law enforcement to justify a policy. And I'm just wondering if that's somewhat inconsistent with the Department of Justice's position regarding sanctuary cities. Well, that's not a question I expected. Obviously, immigration enforcement is not the FBI's job. So that's DHS and ICE who would do the immigration enforcement. Are they considered a law enforcement agency in the same way the FBI is? Absolutely. Absolutely. I mean, we would obviously, I'm not sure there's a case in this court. I think D.C. Circuit in the Epic v. DHS case talked about DHS as law enforcement. Just so that I'm clear, you're not asking us today to hold that these community outreach documents fall under Exemption 7. You're asking us to tell the district judge that you're not required to cite a specific statute in order for them to fall under Exemption 7. Definitely on the second. I do want to say, you know, we're now in year 7 of this case. The FBI has produced around 50,000 pages in response to this request, redacted and unredacted. It would be nice to have a little guidance because I think these are very simple and straightforward questions. It would also be nice for us not to have to look at 50,000 documents. Well, I don't think you need to look at the documents to kind of set forth a test that kind of makes it comfortable for the district court to understand that these types of basic roles of the FBI are legitimate. And I would say community outreach is certainly something the FBI thinks is important. The Hardy Declaration explains why it helps their investigations, to have good community relations, and that's certainly a legitimate law enforcement function. Thank you. Okay. We thank both sides for their argument. The case of ACLU of Northern California versus the FBI is submitted. And we'll next hear argument in Berndt, the California Department of Corrections, and D. Skerek.
judges: Ikuta, Hurwitz, Gwin